## THE STATE v. HOWARD.

CRIMINAL LAW.—*Perjury.—Indictment.—Juror.*—An indictment for perjury may be predicated upon alleged false answers given by the defendant while being examined under oath as to his competency to sit as a juror on the trial of a cause. See opinion for form of indictment.

From the Boone Circuit Court.

*T. W. Woollen*, Attorney General, and *H. C. Wills*, Prosecuting Attorney, for the State.

HOWK, C. J.—At the February term, 1877, of the Boone Circuit Court, the appellee was indicted by the grand jury of said court and term, upon a charge of perjury.

The appellee appeared at the same term, in person and by counsel, and moved the court to quash the indictment,

which motion was sustained by the court, and to this decision the State, by its attorney, excepted.

The court rendered judgment discharging the appellee from custody.

The State, by its attorney, has appealed to this court, and has here assigned, as error, the decision of the circuit court in quashing the indictment. This error presents for our consideration and decision the single question of the sufficiency of the indictment.

As necessary to a proper understanding of the question presented, and of our decision thereof, we set out the body of the indictment, as follows:

"The grand jurors for the county of Boone and State of Indiana, duly and legally empanelled, charged and sworn in open court, at the February term of the Boone Circuit Court of said State, for the year A. D. 1877, to inquire into felonies and certain misdemeanors, within and for the body of said county of Boone and State of Indiana, upon their oath do present, that heretofore, to wit, at the November term of the Boone Circuit Court, in and for said county of Boone and State of Indiana, in the year A. D. 1876, on the 6th day of December, A. D. 1876, at the said county of Boone and State aforesaid, before the Hon. Clarkson N. Pollard, Judge of the Thirty-sixth Judicial Circuit of the State of Indiana, and the then acting Judge of the Boone Circuit Court by appointment from the Hon. Truman H. Palmer, the *ex officio* judge of the Boone Circuit Court, a certain issue between the State of Indiana and Eusabeus Altum and Philip Altum, in a certain suit on an indictment for grand larceny, wherein the said State of Indiana was plaintiff and the said Eusabeus Altum and Philip Altum were defendants, came on to be tried in the Boone Circuit Court, in Boone county, Indiana, in due form of law, the said court then and there having competent authority in that behalf; that, for the purpose of try-

ing the issue so joined in said suit as aforesaid, upon said indictment charging the said Eusabeus Altum and Philip Altum with the crime of grand larceny, a jury consisting of George W. Shelburn, Green McDaniel, Jacob Johns, Richard Lumpkins, Cornelius H. Lane, Thomas M. Small, David McIlvane, William H. Williamson, Addison L. Howard, W. S. Smith, Joseph Shanter and Francis Colgrove, twelve lawful men, freeholders or householders of Boone county, Indiana, were called and sworn and took their corporal oath before the said court, which oath was then administered to the said jurors aforesaid by one Levi Lane, who was the regularly appointed, qualified and acting deputy-clerk of the said Boone Circuit Court, the said court and the said Levi Lane then and there having competent authority in that behalf, that they would true answers give to such questions as were asked them, touching their competency to act as jurors in said cause so pending; that, at and upon the examination of the said jurors aforesaid, touching their competency to serve as jurors on the trial of said cause aforesaid, it then and there became and was a material question whether one Addison L. Howard, one of said jurors called and sworn as aforesaid, had formed or expressed an opinion as to the guilt or innocence of the said Eusabeus Altum and Philip Altum of said crime of grand larceny, defendants in said suit as aforesaid, who were then and there about to be placed upon trial on said indictment then and there and therein charging and presenting them with the crime of grand larceny as aforesaid, and the said Addison L. Howard, one of said jurors aforesaid, then and there, on the examination of said jurors aforesaid, touching their competency to serve as jurors on the trial of said cause as aforesaid, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before the court aforesaid, did depose and swear in substance and to

the effect following, that is to say, that he, the said Addison L. Howard, had not *formed* or *expressed* an opinion as to the guilt or innocence of the said Eusabeus Altum and Philip Altum of said crime of grand larceny, of which they then stood charged, and on which charge they were then about to be placed on trial; whereas, in truth and in fact, the said Addison L. Howard, one of said jurors as aforesaid, had, previous to the time of his being called and sworn as a juror in said cause as aforesaid, and in the presence of and to John Isenhour, Irenius Isenhour, S. I. Gillam and divers other persons whose names to the grand jurors are unknown and can not be given, expressed an opinion as to the guilt or innocence of the said Eusabeus Altum and Philip Altum of said crime of grand larceny as aforesaid, by then and there stating to and in the presence of said John Isenhour, Irenius Isenhour, S. I. Gillam and said divers other persons whose names are unknown and can not be given, that he, the said Addison L. Howard, did not believe and never did believe, that the said Eusabeus Altum and Philip Altum were guilty of said crime of grand larceny, of which they stood charged, and for which said offence they were then about to be placed on trial; whereas, in truth and in fact, the said Addison L. Howard had, previous to the time of his being called and sworn as a juror in said cause as aforesaid, formed an opinion as to the guilt or innocence of the said Philip Altum and Eusabeus Altum of said crime and charge of grand larceny, with which they stood charged and for which said offence they were then about to be placed on trial; and so the jurors aforesaid, upon their oath aforesaid, do say that the said Addison L. Howard, on the 6th day of December, 1876, at said county of Boone and State of Indiana, and before the Boone Circuit Court aforesaid, did, in manner and form aforesaid, feloniously, wilfully, corruptly and falsely commit wilful and corrupt perjury, contrary to the

form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

We have no brief or argument of this cause from the appellee, in this court; and therefore our only information in regard to the grounds of the decision of the circuit court, in quashing the indictment, is derived from the brief of the appellant's counsel. We learn therefrom, that the indictment was quashed because its allegations " were not sufficient to show that the defendant, Howard, had expressed an opinion." If this was the ground on which the court quashed the indictment, it is very clear, we think, that the decision was erroneous, and can not be sustained. For, it was fully, clearly and explicitly alleged in the indictment, that the appellee had expressed the opinion to, and in the presence of, divers persons, some of whom were named, and others whose names were unknown, that he " did not believe, and never did believe, that the said Eusabeus Altum and Philip Altum were guilty of said crime of grand larceny, of which they stood charged," etc.

If this was not an expression of an opinion, we can not understand what would be such an expression.

In section 101 of the criminal code of this State, it is provided, that " The court may quash an indictment, on motion, when it appears upon its face, either—

" *First.* That the grand jury had no legal authority to inquire into the offence charged;

" *Second.* That the facts stated do not constitute a public offence;

" *Third.* That the indictment contains any matter which, if true, would constitute a legal justification of the offence charged, or other legal bar to the prosecution." 2 R. S. 1876, p. 399.

In the case at bar, the offence charged in the indictment was committed, if committed at all, in Boone county, and therefore the grand jury of that county had " legal au-

thority " to enquire into said offence; the facts stated in the indictment clearly constituted a public offence, and it can not be said, that the indictment contained any matter " which, if true, would constitute a legal justification of the offence charged, or other legal bar to the prosecution." It follows, therefore, that, under the statute cited, the court was not authorized to quash the indictment.

In section 61 of the criminal code, it is expressly provided, that no indictment or information shall be quashed or set aside for any " defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S. 1876, p. 386.

After a careful and thorough examination of the indictment in this cause, we are satisfied that there is no defect or imperfection therein, which would " tend to the prejudice of the substantial rights of the defendant upon the merits." Indeed, it seems to us, that the indictment in this case is remarkably free from defects or imperfections, technical or otherwise, and that it will constitute a good precedent for drafting indictments, in similar cases.

For the reasons given, we think that the circuit court erred, in the cause now before us, in sustaining the appellee's motion to quash the indictment.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the appellee's motion to quash the indictment, and for arraignment and further proceedings thereon.