LYTLE HILLIARD *v.* THE STATE.

CRIMINAL LAW. *Perjury.* Upon the trial of a defendant for perjury committed by him on his *voire dire* as a juror in a criminal case, it is not necessary to show that a formal issue or question of competency was made, but it is sufficient to prove that the defendant was brought before the court as a juror in the presence of the parties, was examined by the court touching his competency, was pronounced competent, and elected by the parties.

FROM SHELBY.

Appeal in error from the Bartlett Circuit Court. THOS. D. ELDRIDGE, J.

W. F. HAMNER for Hilliard.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The prisoner has appealed in error from a judgment of conviction for perjury. The perjury charged was in falsely swearing, when examined by the court as to his competency as a juror in a criminal case, that he had not formed or expressed an opinion touching the guilt or innocence of the prisoner. The only error relied on for reversal is that the proof does not show that any issue was formed or presented by either the State or the defendant, or their counsel, when the prisoner was examined as a juror. The bill of exceptions shows that while the jury were being empanneled in the particular case the regular panel was exhausted,

Hilliard *v.* The State.

and the sheriff was ordered to summon bystanders; that the prisoner was summoned, and came forward in front of the judge's stand and the bar, and in the presence of the defendant and his attorney and the attorney for the State, was duly sworn by the clerk of the court well and truly to answer such questions as should be asked him touching his competency to serve as a juror in said case; and was then and there examined by the court touching his said competency, and was asked, among other questions, "have you formed or expressed any opinion as to the guilt or innocence of the defendant on trial." He was pronounced competent by the court, and was elected and placed in the jury box. No formal issue or challenge was made, either by the attorney-general or the defendant's attorney.

The authorities in this State are, that an indictment for the offense of which the prisoner stands convicted should show that an issue or question of competency and qualification generally, or of the juror in particular, who was sworn on his *voire dire,* was submitted by the parties to the court. The indictment in this case meets the requirement, and the only question is whether the proof sustains the averments made. In *State* v. *Moffatt,* 7 Hum., 250, where the indictment was held defective for want of the necessary averment mentioned, the court said: "In order not to be misunderstood, we say further, that when we assert that the indictment should show that an issue or question of competency and qualification, either of the jury generally or of the juror in particular who was sworn on his *voire*

*dire*, was submitted by the parties to the court, we mean that the objection must be, either expressly or tacitly, to the whole of the jurors presented, whereby they are examined individually without special objection in every instance, or that a particular juror, who is examined, must be so examined upon special objection to him individually, either on the part of the State or the prisoner." The plain meaning is that no formal issue of the competency of the jury or of a juror need be made, either in writing or orally, but the objection may be "tacitly" to the whole of the jurors presented, as well as by special or express objection to the panel or to a particular juror. If the persons summoned as jurors are severally brought before the judge, sworn on their *voire dire*, and examined in the presence of the prisoner and the counsel on both sides, presented or rejected according to the result of that examination, and if pronounced competent, elected by both parties and placed in the jury box, there has evidently been an objection "tacitly" to the whole of the jurors and an "issue or question," within the meaning of the law as settled by our decisions, of the competency and qualification of the jury. And such has been the uniform practice of the trial courts in this State in such cases.

The judgment must therefore be affirmed.