[Crim. No. 517. Third Appellate District.—April 27, 1920.]

In the Matter of the Application of GEORGE DE MARTINI for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—VOIR DIRE EXAMINATION OF PROSPECTIVE JUROR—VIOLATION OF OATH—PERJURY.—The oath of a prospective juror on his *voir dire* examination binds him, under the pains and penalties of perjury, to truthfully answer the questions that may be propounded to him by either court or counsel.

APPLICATION for a Writ of Habeas Corpus. Writ denied and petitioner remanded.

The facts are stated in the opinion of the court.

E. R. Vaughn and George E. Foote for Petitioner.

Hugh B. Bradford, District Attorney, and J. R. Hughes, Assistant District Attorney, for Respondent.

PLUMMER, P. J., *pro tem.*—On the seventeenth day of March, 1920, an indictment was returned in the superior court of the state of California, in and for the county of Sacramento, charging the petitioner with the crime of perjury, alleged to have been committed by said petitioner in said court on or about the twelfth day of January, 1920, upon his examination on *voir dire* as to his competency to

serve as a juror in a certain cause then and there pending. Upon such examination the petitioner was asked the following questions and gave the following answers, to wit: "Q. And if you are chosen as a juror in this case, you will try this case solely upon the evidence produced in court, and the instructions of the court? A. Yes, sir. Q. Nothing outside of the case, that is, outside of the evidence and the instructions of the court, will enter into your deliberations when you go into the jury-room? A. No, sir."

The indictment then sets forth allegations such as are required in charging the crime of perjury; the falsity of the answers, and the knowledge thereof of the petitioner, etc.

[1] The petitioner contends that the indictment charges no public offense, and that perjury cannot be predicated upon false statements given by a prospective juror or upon his *voir dire* examination. The argument in support of this contention is based upon the cases having to do with promissory oaths.

By section 118 of the Penal Code it is provided that "every person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer or person in any of the cases in which such an oath may be administered by law, willfully and contrary to such oath states as true any material matter which he knows to be false, is guilty of perjury."

The petitioner in this case had administered to him an oath in substance as follows: "That you will true answers make to such questions as may be propounded to you by court or counsel touching your competency to act as a trial juror in the cause now pending," etc. This oath is, in substance, if not in form, the same oath that is administered to a witness testifying in either civil or criminal causes pending in any of the courts of the state. The crime charged to have been committed by the petitioner was not after having been "sworn to well and truly try the cause and a true verdict render according to the law and the evidence," etc., but when he was sworn to tell the truth. The misapprehension in this case arises from the failure to draw the distinction between the two oaths: The oath of the juror to well and truly try a cause is admittedly promissory in its nature, but the oath of a prospective juror on his *voir dire* examination binds him, under the pains and penalties of perjury,

to truthfully answer the questions that may be propounded to him by either court or counsel.

The language of section 118 of the Penal Code is certainly broad enough to include the offense of perjury when committed by a prospective juror upon his *voir dire* examination, and to hold otherwise would certainly be to open the door wide to all form of collusion in the selection of jurors, if false answers knowingly and corruptly made under such circumstances can be given with impunity.

In *Hilliard* v. *State*, 82 Tenn. 648, a prospective juror was held to have committed perjury upon giving a false answer to the following question: "Have you formed or expressed any opinion as to the guilt or innocence of the defendant?" In that case the oath administered upon *voir dire* was practically the same as administered in the case now under consideration.

In *State* v. *Howard*, 63 Ind. 502, it was held that an indictment for perjury might be predicated upon alleged false swearing given by the defendant while being examined under oath as to his competency to sit as a juror on the trial of a cause.

To the same effect is the case of *Finch* v. *United States,* 1 Okl. 396, [33 Pac. 638].

It does not appear that this question has heretofore been expressly decided by the supreme or appellate courts of this state.

In the case of *Ex parte Meyer,* 107 Cal. 17, [40 Pac. 953], the petitioner was held to answer upon a charge of having falsified his oath under similar circumstances, but the question of whether perjury could or could not be so committed was not decided. The petitioner was discharged for other reasons.

The contention that the crime charged is difficult or impossible of proof does not seem to require any consideration upon this proceeding.

Being of the opinion that the charge of perjury may be based upon false swearing by a prospective juror upon his *voir dire* examination, and that for the purposes of this petition the indictment herein is in all other respects sufficient, it follows that the writ prayed for herein should be denied, and it is so ordered, and the petitioner remanded.

Burnett, J., and Hart, J., concurred.